UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>      Plaintiff, | :<br>:<br>: | CIVIL CASE NO.<br>3:18-CV-2078 (JCH) |
| v. | : | |
| | : | |
| ONE 2015 CADILLAC ATS COUPE,<br>VIN 1G6AJ1RX2F0136679 et al. | :<br>:<br>: | AUGUST 4, 2022 |
| | : | |

**RULING ON MOTION TO STRIKE (DOC. NO. 26)**

**I.    INTRODUCTION**

The United States of America brings this action seeking forfeiture of three vehicles allegedly used by Mr. Carlos Delgado ("Delgado") in connection with narcotics trafficking.  The defendant vehicles ("the Vehicles") are: One 2015 Cadillac ATS Coupe ("the Cadillac"), VIN 1G6AJ1RX2F0136679; One 2013 Toyota 4Runner SR5 Limited Trail ("the 4Runner"), VIN JTEBU5JR4D5145750; and One 2005 Toyota Tacoma Extended Cab X-Runner ("the Tacoma"), VIN 5TETU22N65Z096018.  Delgado has filed a Verified Claim asserting an ownership or possessory interest in the vehicles.  See Verified Claim (Doc. No. 6).

Now before the court is the government's unopposed Motion to Strike Delgado's Verified Claim (Doc. No. 26).  For the reasons discussed below, the court grants the government's Motion to Strike.

**II.    BACKGROUND**

In his criminal case, Delgado was originally indicted on August 7, 2018.  See Indictment, 18cr165 (Doc. No. 1).  Delgado proceeded to trial, where the government

1

presented evidence that Delgado had overseen an operation that used the U.S. Postal Service to send drugs and drug proceeds between Connecticut and Puerto Rico.  See Summary Order Affirming District Court Judgment, U.S. v. Delgado, 21-19-cr (2d Cir. 2021) (Doc. No. 148).  On January 22, 2020, a jury found Delgado guilty of Conspiracy to Distribute and to Possess With Intent to Distribute 5 Kilograms or More of Cocaine; Possession With Intent to Distribute One Kilogram or More of Heroin; and Unlawful Possession of a Firearm by a Convicted Felon.  See Jury Verdict, 18cr165 (Doc. Nos. 288, 294).  Ultimately, this court sentenced Mr. Delgado to 25 years of imprisonment.  Judgment, 18cr165 (Doc. No. 388).

On December 19, 2018, the government filed its Complaint in the instant civil forfeiture action, alleging that the defendant Vehicles were used, or intended to be used, to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  Notice of the forfeiture proceeding and a copy of the Verified Complaint were served on Delgado by certified mail on or about January 29, 2019.  See Mot. to Strike at 2 (Doc. No. 26).  The government notified Delgado that, in order to avoid forfeiture of the Vehicles, he needed to "file a verified claim within 35 days after the date of this notice or the date of delivery" followed by an "answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within 25 days after filing the verified claim."  Id.  This notice inaccurately informed Delgado that he had "25 days" from the filing of his Verified Claim to file his Answer or Motion to Dismiss, misstating the 21-day deadline set forth in the Federal Rules of Civil Procedure.  Fed. R. Civ. P. Supp. R. G(5)(b).

Delgado filed his Verified Claim on March 4, 2019, 35 days after the government's January 29 Notice. See Verified Claim (Doc. No. 6). Fourteen days later, on March 18, 2019, Delgado filed a Motion to Stay the action pending the outcome of his criminal case. See Mot. to Stay (Doc. No. 7). The court granted his Motion to Stay on March 28, 2019. See Order Granting Mot. to Stay (Doc. No. 10). The stay remained in place while Delgado unsuccessfully pursued appeals in his criminal case until June 7, 2022. See Order Lifting Stay (Doc. No. 25). Ten days after the court lifted the stay, on June 17, 2022, the government filed a Motion to Strike (Doc. No. 26) and a Motion for Forfeiture (Doc. No. 27). To date, Delgado has not filed an Answer to the government's Verified Complaint.

The court now considers the government's Motion to Strike.

### III.   LEGAL STANDARD

In civil forfeiture actions, "the United States brings a civil action against the property itself as an in rem proceeding . . . ." United States v. Contorinis, 692 F.3d 136, 146 (2d Cir. 2012) (citations omitted). These actions are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rule G").

Under Supplemental Rule G, the government must provide notice to interested parties by sending "notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government[.]" Fed. R. Civ. P. Supp. R. G(4)(b)(i). That notice must include a deadline of at least 35 days after the notice is sent, Fed. R. Civ. P. Supp. R. G(4)(b)(ii)(B), within which time the interested party must file a claim to the property. Fed. R. Civ. P. Supp. R.

G(5)(a)(ii)(A). Within 21 days after filing his claim, a claimant must file either a Motion to Dismiss or an Answer to the government's Verified Complaint. Fed. R. Civ. P. Supp. R. G(5)(b).

To contest a forfeiture action, a claimant must have both constitutional and statutory standing. See United States v. Cambio Exacto, S.A., 166 F.3d 522, 526 (2d Cir. 1999). To obtain statutory standing, under Supplemental Rule G(5)(b), a claimant must meet the deadlines set forth in Supplemental Rule G; if he fails to do so, the government may file a motion to strike that individual's claim. Fed. R. Civ. P. Supp. R. G(8)(c)(i)(A), G(8)(c)(i)(B).

The government's Motion to Strike may take one of two forms: "a motion for judgment on the pleadings or . . . a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence." Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(B). In the instant case, the government has not specified which type of Motion it is making. In a case similar to this where the claimant had filed a Claim, but not an Answer, a court in the Southern District of New York treated a Motion to Strike the Claim as a Motion for Judgment on the Pleadings where "[n]o discovery ha[d] been taken on the issue of [claimant's] standing and the Court [could] only review [claimant's] notice of claim and the motion papers of the Government; [claimant] ha[d] not filed any papers opposing [the] motion to strike." United States v. All Right, Title & Int. in Prop., Appurtenances, & Improvements Known as 479 Tamarind Drive, Hallendale, Fla., No. 98 CIV. 2279 DLC, 2011 WL 1045095, at *2 (S.D.N.Y. Mar. 11, 2011) ("All Right"). Similarly, here, no discovery has occurred, and the only relevant filings on the record are the government's

Complaint, Delgado's Notice of a Claim, and the government's Motion to Strike.  As the court did in All Right, this court construes the government's Motion to Strike as a Motion for Judgment on the Pleadings.

While it is well established that pro se litigants should be afforded special solicitude, the Second Circuit has made clear that "pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. INS, 59 F.3d 5, 8 (2nd Cir. 1995).

IV.   **DISCUSSION**

The government argues that the court should strike Delgado's claim to ownership of the Vehicles, because he failed to file an Answer to the government's Verified Complaint.  See Gov't Mot. to Strike at 1.

A claim may be stricken for a lack of statutory standing where a claimant fails to meet the deadlines set forth in Supplemental Rule G: (1) filing a Claim within the 35-day deadline set forth in the government's notice, and (2) filing an Answer within 21 days of the Claim.  See, e.g., Cambio Exacto, 166 F.3d at 526 (finding lack of statutory standing where claimant failed to meet Supplemental Rule G's deadline to file a claim); United States v. $14,000.00 United States Currency, No. 19-CV-153S, 2020 WL 1815756, at *2 (W.D.N.Y. Apr. 10, 2020) (failure to timely file a Motion to Dismiss or Answer "leaves a claimant's claim vulnerable to being stricken for lack of statutory standing"); United States v. Any & All Funds on Deposit in Bank of Am. Account Number 004836378025, No. 14-CCV-1928 (TPG), 2015 WL 5173044, at *1 (S.D.N.Y. Sept. 3, 2015) ("Courts routinely strike claims in federal forfeiture actions where a claimant fails to comply with the deadlines provided by the Forfeiture Rules"); United States v. Premises & Real

Prop. with all Bldgs., Appurtenances, Improvements, Located at 509 Raspberry Patch Drive, Rochester, N.Y., 116 F. Supp. 3d 190, 193 (W.D.N.Y. July 29, 2015) (collecting cases supporting the same proposition).

Here, the government notified Delgado on or about January 29, 2019, of the need to file a Claim "within 35 days after . . . the date of delivery . . . ." Delgado complied, filing his Verified Claim on March 4, 2019, exactly 35 days after the January 29 Notice. See Verified Claim. Within 21 days after filing his Claim, under Supplemental Rule G, Delgado ought to have filed an Answer or a Motion to Dismiss. See Supplemental Rule G(5)(b). As of the time of this Ruling—more than three years after he filed his initial claim—he has failed to do so.

However, Delgado's failure to file an Answer within Rule G's 21-day deadline is complicated by two circumstances. First, the government served him with an inaccurate notice, which incorrectly informed Delgado that he should file an Answer or Motion to Dismiss "within 25 days after filing the verified claim." See Mot. to Strike at 2 (emphasis added). The entire basis for the government's Motion to Strike is that Delgado "failed to serve and file an Answer . . . within the twenty-one (21) day time limit imposed by Supplemental Rule G", yet the government informed Delgado that he had 25 days to file.[1] Mot. to Strike at 4-5. To be sure, Delgado failed to file an Answer within either 21 or 25 days of his Claim, as he has not filed an Answer to date.

However, the court must take the government's inaccurate notice into account in calculating Delgado's filing deadline. Under Federal Rule of Civil Procedure 6(b), courts

---

[1] The court would have expected government's counsel to have brought its mistake concerning the time to answer to the court's attention.

6

may extend a deadline if a claimant's failure to file was due to "excusable neglect." Fed.R.Civ.P. 6(b); Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 388 (1993) ("Congress plainly contemplated that the courts would be permitted, where appropriate, to permit late filing caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."). Clearly, it would be unjust to apply the 21-day deadline to Delgado—a pro se claimant whose reliance upon the government's stated 25-day deadline would be entirely excusable. Moreover, the court must add three days to the deadline because Delgado was served by mail and was required to act within a "specified time after being served." See Fed. R. Civ. P. 6(d). The court therefore analyzes Delgado's failure to file an Answer within 28 days (25 days per the government's notice plus three days per Federal Rule 6(d)), rather than 21 days, of filing his Claim.

The second circumstance bearing on Delgado's failure to file is that this matter was stayed for over 3 years pending the outcome of Delgado's criminal appeals. The timing of the stay relative to Delgado's filings was as follows. Delgado filed his Claim on March 4, 2019. See Verified Claim. Fourteen days later, on March 18, 2019, Delgado filed his Motion to Stay proceedings pending the outcome of his criminal case. See Mot. to Stay. The stay was not granted, however, until March 28, 2019, 24 days after Delgado filed his Verified Claim. See Order Granting Mot. to Stay. Thus, Delgado's 28-day time period to file his Answer had not yet expired at the time the court stayed this action—four days remained for Delgado to file an Answer.

The stay remained in place from March 28, 2019 to June 7, 2022. Once the stay was lifted on June 7, Delgado had 4 days until June 11 to file his Answer. Delgado

failed to file any such Answer and, 10 days after the stay was lifted, on June 17, 2022, the government filed its Motion to Strike. Accounting for the stay, a total of 34 days passed from the time that Delgado filed his Claim (March 4, 2019) to the time the government filed its Motion to Strike (June 17, 2022). Delgado's 28-day period had therefore expired.

Moreover, Delgado still has not filed an Answer to the Complaint as of the date of this Ruling, 58 days after the June 7, 2022 lifting of the stay and 48 days after the government's June 17, 2022 filing of its Motions to Strike and for Forfeiture. Nor has Delgado responded to either of the government's Motions.[2] Despite having been on notice for over three years of the need to file an Answer, Delgado has failed to comply with the requirements of Supplemental Rule G, as equitably extended by this court, or to offer any excuse for that failure. He therefore lacks statutory standing to bring his claim. See United States v. 479 Tamarind Drive, Hallendale, Fla., No. 98 Civ. 2279(DLC), 2011 WL 1045095, at *3 (S.D.N.Y. Mar. 11, 2011) ("When a claimant fails to file an answer, he . . . does not have statutory standing to bring a claim.") (collecting cases). Thus, the government's Motion to Strike Delgado's Claim is granted.

---

[2] Delgado has not argued, nor does the court have reason to conclude, that his lack of response after the lifting of the stay is due to "excusable neglect." See Pioneer Inv. Services Co., 507 U.S. at 388. The court takes judicial notice that, while the government's Motions to Strike and for Forfeiture were pending in the instant case, Delgado submitted a filing in his now-closed criminal case, USA v. Delgado, 18-cr-165. He filed a Motion, dated July 12, 2022 (received by the court on July 19, 2022), seeking copies of his trial exhibits for a potential habeas petition. See Pro Se Letter Mot. for Copy of Trial Exhibits. This indicates that Delgado had the ability to file during the relevant period, and was likely not prevented from filing by "intervening circumstances beyond [his] control." Id.

## V. CONCLUSION

For the foregoing reasons, the government's Motion to Strike (Doc. No. 26) is granted.

SO ORDERED.

Dated at New Haven, Connecticut this 4th day of August 2022.

                                                  /s/ Janet C. Hall
                                                  Janet C. Hall
                                                  United States District Judge