**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br>v.<br><br>ONE 2015 CADILLAC ATS COUPE, VIN 1G6AJ1RX2F0136679,<br><br>ONE 2013 TOYOTA 4RUNNER SR5 LIMITED TRAIL, VIN JTEBU5JR4D5145750,<br><br>ONE 2005 TOYOTA TACOMA EXTENDED CAB X-RUNNER, VIN 5TETU22N65Z096018<br>*Defendants*. | : | Civil No. 3:18cv2078 (JCH) |
| [CLAIMANT: CARLOS DELGADO] | : | December 12, 2022 |

**GOVERNMENT'S MOTION FOR DEFAULT FOR FAILURE TO COMPLY WITH THE COURT'S DISCOVERY ORDERS**

The Government hereby moves the Court to enter a default judgment against Mr. Delgado for his failure to comply with the Court's discovery orders.

## I. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

This is a civil asset forfeiture case, filed against three vehicles in December of 2018. Doc. #1. The case was stayed while Mr. Delgado's criminal case, and various appeals therefrom, were litigated. Doc. #25. Following the lift of the stay, the Government moved to strike Mr. Delgado's claim. Doc. #26. Mr. Delgado did not oppose this motion and the Court granted the Government's motion. Doc. #28, pg. 1. In its ruling, the Court held that Mr. Delgado "lacks statutory standing to bring his claim." *Id*. at 8.

After the ruling, the Court denied the Government's motion for forfeiture but permitted the Government to conduct discovery. Docs. #29 & 31. The Government served discovery on

Mr. Delgado but he did not respond. Doc. #32. Following questions from the Court, the Government confirmed that Mr. Delgado had the opportunity and ability to respond to the Government's discovery responses. Doc. #34. The Court found that Mr. Delgado had the ability to respond to the Government's discovery and extended the time for Mr. Delgado to respond. Doc. #35. In making this ruling, the Court stated: "Failure to comply will likely lead to default." *Id*. Following an additional request from Mr. Delgado, the Court again extended his deadline to comply with the Government's discovery requests, stating:

> The court, *sua sponte*, extended Mr. Delgado's discovery response date to November 22, 2022 affording him a two and one-half months extension. *See* Order (Doc. No. 35). The court will extend the deadline two more weeks to December 6, 2022, effectively giving Mr. Delgado a three-month extension. No further extensions will be granted.

Doc. #37.

Mr. Delgado did not provide discovery to the Government on December 6, 2022 or thereafter.

## II. RELEVANT LAW

Under Rule 37(d) of the Federal Rules of Civil Procedure, "[a] district court may sanction a party who fails to comply with a discovery order of that court, including rendering a default judgment against the noncompliant party. Such a sanction derives from the district court's broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices." *S. New England Tel. Co. v. Glob. NAPs, Inc.*, 251 F.R.D. 82, 90 (D. Conn. 2008) (alteration added; internal citations and quotation marks omitted). Although a default pursuant to Rule 37 is "drastic," this Court has explained that "discovery orders are meant to be followed, and a party who flouts such orders does so at his peril." *Id*. (internal quotation marks omitted). A court considering this remedy will look to whether the potentially sanctioned party engaged in willfulness, bad faith, or at fault because of gross negligence. *Id*.

"In addition to willfulness or bad faith on the part of the nonmoving party and prejudice to the moving party, other factors that appear appropriate to this court to consider are the history, if any, of noncompliance, whether lesser sanctions would be effective, whether the noncompliant party has been warned about the possibility of sanctions, and the client's involvement." *Id.* "[T]he Second Circuit's holdings make clear that, absent exceptional circumstances, a court must consider the efficacy of less drastic remedies before imposing a severe sanction." *In re SageCrest II, LLC*, 3:10-cv-1893 (JCH), 444 B.R. 20, 26 (D. Conn. 2011). *See also Milner v. City of Bristol*, No. 3:18-cv-1104 (JAM), 2021 WL 4391240, at *3 (D. Conn. Sept. 24, 2021) (considering, but not imposing, less sanctions because balance of factors favored order of dismissal).

## III. ARGUMENT

Mr. Delgado has not participated in this case. Mr. Delgado had the right to seek a stay while his criminal case was pending, but, following the lift of the stay, he has studiously declined to engage in the matter. His claim has been stricken and, as the Court held, he lacks statutory standing to oppose the forfeiture. Doc. #28, pg. 8. Mr. Delgado took no action to file a new claim or answer or even request leave to file such.

Mr. Delgado failed to comply with the Government's discovery requests and his failure to comply was deceptive. He initially claimed that he was unable to complete the discovery responses because he was in segregation. Docs. #32, 35. The Court found, however, that being housed in segregation does not prevent an inmate from working on legal matters based on the Bureau of Prisons program statement. Doc. #35.

The Court warned Mr. Delgado that failure to comply with the Court's orders could lead to a default. The Court instructed Mr. Delgado: "Failure to comply will likely lead to default."

Doc. #35.

Nevertheless, the Court gave Mr. Delgado opportunities to avoid default. When the Court issued the above warning on October 25, 2022, the Court extended Mr. Delgado's deadline to respond to the Government's discovery requests from the original (and already past) due date, September 9, 2022, to November 22, 2022. Doc. #35. Mr. Delgado then requested a six-month extension of the discovery deadline and, although the Court declined to grant Mr. Delgado six months, the Court further extended the deadline from November 22, 2022, to December 6, 2022, giving Mr. Delgado a full three months. Doc. #37.

The Court has already found that Mr. Delgado's failures cannot be explained by excusable neglect. As the Court explained:

> The court takes judicial notice that, while the government's Motions to Strike and for Forfeiture were pending in the instant case, Delgado submitted a filing in his now-closed criminal case, *USA v. Delgado*, 18-cr-165. He filed a Motion, dated July 12, 2022 (received by the court on July 19, 2022), seeking copies of his trial exhibits for a potential habeas petition. *See Pro Se* Letter Mot. for Copy of Trial Exhibits. This indicates that Delgado had the ability to file during the relevant period, and was likely not prevented from filing by "intervening circumstances beyond [his] control."

Doc. #28, pg. 8, n.2 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).

Mr. Delgado's deceptiveness about his ability to respond to discovery while in segregation demonstrates bad faith or at least willfulness. Mr. Delgado was warned that his failure to comply with the Court's order may lead to default. Mr. Delgado has declined to participate in this litigation, so a lesser sanction would neither solve the problem, advance this litigation, or address the failure to comply with the Court's order. This Court has given Mr. Delgado more than sufficient time to respond to the Government's discovery and, moreover, Mr. Delgado has not even attempted to comply. Although full compliance with the discovery

requests would be ideal, even a little bit of something is still more than nothing, which is what Mr. Delgado has done in this case. Mr. Delgado has not, for example, served answers to just the interrogatories, or provided objections, or produced partial compliance. He has simply ignored his obligations.

## IV. CONCLUSION

For the reasons set forth above, the Court should enter a default judgment in favor of the Government because Mr. Delgado has failed to comply with the Court's orders regarding discovery.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

/s/ David C. Nelson
DAVID C. NELSON
FEDERAL BAR NO. ct25640
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT 06510
PHONE: (203) 821-3700
FAX: (203) 773-5373
david.c.nelson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. A copy of the foregoing was mailed, postage prepaid, of even date herewith to the following:

Carlos Delgado
Inmate No. 14943-014
FTC Oklahoma City
P.O. Box 898801
Oklahoma City, OK 73189

/s/ David C. Nelson
DAVID C. NELSON
ASSISTANT U.S. ATTORNEY